# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL SCOTT LILLEY, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | Civil Action No. 09-1236<br>Judge Conti<br>Magistrate Judge Bissoon |
| LOUIS LUZAR, *et al.*, | ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 17) be granted.

### II. REPORT

Plaintiff was an incarcerated state prisoner at the time he filed this civil rights suit, but he has since been released from custody (Doc. 16). Plaintiff alleges that Defendants denied him due process by improperly aggregating his state court sentences in the "fall of 2005" (Doc. 6, p. 2). Defendants have filed a Motion to Dismiss (Doc. 17) asserting that it is clear from the face of the Complaint that this is time-barred. Plaintiff was directed to respond to Defendants' motion (Doc. 19) but he failed to do so.

#### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.     Analysis.**

The limitations period for actions brought under Section 1983 is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983. 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D. Pa. 1998). The Complaint in this case was received by the Clerk of Court on September 11, 2009, and Plaintiff signed the Complaint on July 27, 2009 (Doc. 6). Accepting Plaintiff's allegation that his sentence was aggregated in the "fall of 2005," it is clear that he had until September or October, 2007, to file his claims. Even if the Court were to give Plaintiff the benefit of deeming his Complaint filed on the date he signed it, this lawsuit would still be untimely by more than 1 ½ years.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). The Court cannot conceive of an amendment that would cure the defect in this case because it is apparent that Plaintiff knew, or should have known, whether or not his sentences had been properly computed sometime in 2005. Any attempt to amend would, therefore, be futile.

Plaintiff's Complaint should be dismissed for the additional reason that Pennsylvania law requires aggregation of sentences like those imposed in Plaintiff's case. 42 Pa. C.S.A. § 9757.

This defeats Plaintiff's claim, and is another defect that could not be cured by amending the Complaint.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 17) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 11, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

| | |
|---|---|
| May 28, 2010 | s/Cathy Bissoon<br>CATHY BISSOON<br>UNITED STATE MAGISTRATE JUDGE |

**Cc:**
**WENDELL SCOTT LILLEY, JR.**
1420 Gibson Avenue
Connellsville, PA 15425